UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD SCOTT SAMUEL**<br>    *Plaintiff,*<br><br>v.<br><br>**REMOTEMD MEDICAL SERVICES, LLC AND OFFSHORE SERVICE VESSELS, LLC**<br>    *Defendants*. | **CIVIL ACTION NO.:**<br><br>**JUDGE:**<br><br>**MAG. JUDGE:** |

## SEAMAN'S COMPLAINT AND JURY DEMAND

NOW INTO COURT, comes plaintiff, **RICHARD SCOTT SAMUEL**, a person of the full age of majority, domiciled in Jefferson Parish, Louisiana, who respectfully represents:

### First Cause of Action

### I.

Made defendants herein are:

(a) **REMOTEMD MEDICAL SERVICES, LLC** (hereinafter "RemoteMD"), a Louisiana limited liability company authorized to do and doing business in the State of Louisiana and in the Eastern District of Louisiana; and

(b) **OFFSHORE SERVICE VESSELS, LLC** (hereinafter "Offshore Service Vessels"), a Louisiana limited liability company authorized to do and doing business in the State of Louisiana and in the Eastern District of Louisiana.

**II.**

Plaintiff brings this suit pursuant to the Jones Act, the Doctrine of Unseaworthiness, and the General Maritime Law.

**III.**

Jurisdiction on this matter is conferred by 28 U.S.C. § 1333(1) and 46 U.S.C. § 30104; venue is conferred by 28 U.S.C. § 1391(b) and (c).

**IV.**

On and prior to October 3, 2018, Defendant Offshore Service Vessels owned and operated an offshore construction and support vessel known as the M/V ISLAND PERFORMER.  At all relevant times, the M/V ISLAND PERFORMER was a vessel in navigation.

**V.**

At all times pertinent hereto, Defendants, RemoteMD and Offshore Service Vessels, employed Plaintiff, Richard Scott Samuel, as a Jones Act seaman assigned to the M/V ISLAND PERFORMER.

**VI.**

On or about October 3, 2019, Plaintiff was working aboard the M/V ISLAND PERFORMER unloading heavy boxes of equipment/supplies by himself, causing him to be severely injured.  The accident was caused as a result of the negligence of Defendants, RemoteMD and Offshore Service Vessels, and their employees.

**VII.**

Plaintiff suffered severe and disabling injuries to his left shoulder as a result of this

accident.

## VIII.

The above-described accident was caused by the negligence of Defendants, RemoteMD and Offshore Service Vessels, their agents, servants, employees, or others for whom it is legally responsible, in the following non-exclusive respects:

(A)     failing to provide plaintiff a reasonably safe place to work;

(B)     failing to provide safe equipment aboard its vessel;

(C)     failing to provide proper equipment and safety equipment aboard its vessel;

(D)     allowing unsafe work practices;

(E)     failing to maintain the decks of its vessels in a safe condition;

(F)     negligently allowing a seriously dangerous condition to exist aboard the vessel;

(G)     failing to provide notice of a known unsafe condition and/or to take other appropriate turnover and safety measures;

(H)     failing to properly man its vessels;

(I)     failing to provide adequate assistance to do his job safely; and

(J)     other acts of negligence and/or omissions which may be shown at trial of this matter.

**IX.**

Due to the injuries that plaintiff sustained, he has incurred past and future lost wages and benefits, loss of earning capacity, permanent physical disability, disfigurement and scarring, has suffered severe mental pain and anguish and severe physical pain and anguish, loss of bodily function, and loss of quality of life, and Plaintiff is entitled to recover from Defendants, RemoteMD and Offshore Service Vessels the sum of ONE MILLION AND 00/100 ($1,000,000.00).

**Second Cause of Action**

**X.**

Under the General Maritime Law, it was the duty of the Defendant Offshore Service Vessels, as the owner and operator of the M/V ISLAND PERFORMER, to furnish its employees with a safe place to work, with proper and safe gear, appurtenances, and equipment, with an adequate crew, and with a seaworthy vessel.

**XI.**

At the time and the place of the occurrence of the accident, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen. He, therefore, was owed the warranty of seaworthiness.

**XII.**

The failure of Defendant Offshore Service Vessels to provide Plaintiff with a safe place to work and with reasonable working conditions renders the vessel unseaworthy, and that unseaworthiness was a proximate cause of Plaintiff's accident and injuries and the resulting disability.

### Third Cause of Action

### XIII.

Plaintiff, a seaman, is entitled to maintenance and cure, from Defendants, RemoteMD and Offshore Service Vessels, and he has made a reasonable demand for such; yet, Defendants have, without reasonable justification and cause, refused to provide maintenance and cure and/or have provided insufficient maintenance and have refused to pay all reasonable and necessary cure.

### XIV.

Plaintiff asserts the refusal of Defendants to pay appropriate maintenance and cure is without cause, willful, arbitrary and recalcitrant, thus Plaintiff asserts a claim for all reasonable and necessary maintenance and cure and compensatory damages, punitive damages and attorneys' fees as a result of the failure to pay all reasonable maintenance and cure that is due.

### Jury Demand

Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, Richard Scott Samuel, prays that there be judgment in his favor and against Defendants, RemoteMD Medical Services, LLC and Offshore Service Vessels, LLC, in an amount sufficient to compensate him for the damages described above, for maintenance and cure, for compensatory damages and/or punitive damages and attorneys' fees for failure to pay maintenance and cure, for legal interest from date of injury, for attorneys' fees, all costs of this action, including expert expenses, and for all other general and equitable relief.

Respectfully submitted,

**THE CHOPIN LAW FIRM, LLC**

    */s/ Michael D. Letourneau*    
**Richard A. Chopin (La. Bar No. 4088)**
**Justin M. Chopin (La. Bar No. 31100)**
**Michael D. Letourneau, TA (La. Bar No. 32556)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:    Dick Direct: 504-229-6682
            Justin Direct: 504-229-6681
            Mike Direct: 504-229-6685
Facsimile:    504-324-0640
Email: Rchopin@ChopinLawFirm.com
        Justin@chopinlawfirm.com
        Mike@chopinlawfirm.com
*Attorneys for Plaintiff, Richard Scott Samuel*